IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ISMAIL SALI, | § |
| | § |
| Petitioner, | § |
| | § |
| VS. | §   Civil Action No. 4:14-CV-796-Y |
| | § |
| RODNEY W. CHANDLER, Warden, | § |
| FCI-Fort Worth, | § |
| | § |
| Respondent. | § |

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Ismail Sali, a federal prisoner who was confined in FCI-Fort Worth when the petition was filed, against Rodney W. Chandler, warden of FCI-Fort Worth, Respondent.

After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be denied.

I.  Factual and Procedural Background

Petitioner is serving a total combined term of imprisonment of 84 months on his 2012 criminal convictions in the United States District Court for the Western District of Washington. (Resp't's App. 6-7, ECF No. 9.)  By way of this petition, Petitioner challenges a 2014 disciplinary proceeding conducted at FCI-Sheridan, and the resultant sanctions, including the loss of accrued good time. (Resp't's App. 15-26, ECF No. 9.)  Petitioner

was charged in Incident Report No. 2533544 with "Disposing of any item during a search or attempt to search, Lying or providing a false statement to a staff member, Smoking where prohibited, Anything not authorized," code 115, 313, 332 and 305 violations.[1] (*Id.* at 15.)  The reporting employee alleged (all grammatical and punctuation errors are in the original):

> On 01/03/2014 at approximately 11:45 p.m. Officer Caudle and I were making rounds behind unit 6, when we witnessed inmate Sali #41651-086 smoking a cigarette, as we approach him he threw the cigarette on the ground and ran inside the unit, leaving an un-authorized area (emergency exit door in unit 6 wing 2), As we approached the exit door we observed the lit cigarette on the ground. Officer Caudle entered the emergency exit door and made contact with inmate Sali, Officer Caudle found loose tobacco in Sali's left jacket pocket along with a battery pack that had a burned end.  This item is commonly used to light cigarettes or other items.  I then asked Inmate Sali what bunk he lived in.  Sali stated to me that he lived in wing 6.  I asked him what bunk number and he stated bunk 03.  To confirm I looked up his bunk number on a roster and found that he actually lived in wing 1 bunk 02.  I then went back to inmate Sali and asked him why he lied to me as to where he lived.  Sali then stated that he lived in bunk 02.  I went to wing 1 bunk 02 and started a search of his property.  Inmate Sali had several medicine bottles in the second desk drawer with his name on them.  After a search of that drawer underneath several newspapers, I found a Keefe Kitchens rice bag that contained a brown leafy substance in it. I opened the bag and could smell tobacco.  Inside the Tobacco was also white in color cigarette rolling papers. After a full search of inmate Sali's property, I also found a Keefe tea box that had tobacco residue inside, and a homemade wallet.  Inside of the wallet I found Bugler cigarette rolling papers.  Inmate Sali was taken up to the Lieutenant at the FDC front lobby and taken to the special Housing Unit.

---

[1] In his petition, Petitioner asserts he was charged and found guilty of possession of contraband, a cell phone.  It appears that is a misstatement.

2

(*Id.* at 10.)

Petitioner received notice of the charges, was advised of his rights, and attended a disciplinary hearing on January 22, 2014, during which he denied the charges. (*Id.* at 22.) Documentary evidence was admitted, including the Incident Report and Investigation, Petitioner's statement during the hearing; Petitioner's statement to the investigating officer; Petitioner's statement to the UDC review; and a "Photo Sheet" depicting the tobacco, rolling papers and battery pack found in Petitioner's property. (*Id.* at 24.) After considering the evidence, the disciplinary hearing officer (DHO) found that Petitioner had committed Code 115, 313, and 305 violations. (*Id.* at 23, 25.) A copy of the DHO's report, including the reasons for the action taken, was deposited in the inmate mail system to Petitioner on January 30, 2014. (*Id.* at 26.) Petitioner attempted to appeal, but his appeal was untimely.

## II. Discussion

Petitioner claims his right to due process was violated because there was no evidence to support the DHO's findings. (Pet. 3-5, ECF No. 1.) Where a prison disciplinary hearing results in the loss of good-time credits, constitutional due process requires that the inmate receive (1) advance written notice of the disciplinary charges, (2) an opportunity to call witnesses and present documentary evidence, and (3) a written statement by the

3

factfinder of the evidence relied on and the reasons for the disciplinary action.  *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974); *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 454 (1985).  "Some evidence" in support of the DHO's decision is all that is required.  *Hill,* 472 U.S. at 455.  A federal court need not examine the entire record, assess independently the credibility of witnesses, or weigh the evidence.  *Id.* at 455.  It is the role of the DHO to determine the weight and credibility of the evidence.  *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001).  "[P]rison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the decision of the prison officials."  *Reeves v. Pettcox,* 19 F.3d 1060, 1062 (5th Cir. 1994).  Contrary to Petitioner's claim, there was sufficient evidence to support the DHO's decision.  In fact, the incident report, standing alone, is sufficient to constitute some evidence in support of the guilty determination regardless of the existence of other evidence.  *Hill*, 472 U.S. at 454.

Petitioner also claims his right to due process was violated because the DHO report was not properly "served" on him and because FCI-Fort Worth personnel refused to provide him with the necessary documentation to appeal.  (Pet. 5-6, ECF No. 1.)  According to Petitioner, he was in segregation awaiting transfer to FCI-Fort Worth when the DHO rendered his decision, and that, instead of giving a copy of the DHO report to him personally, it was placed in

4

his "property." He asserts that he did not learn of the disciplinary penalties until a month after being transferred to FCI-Fort Worth on March 14, 2014, when his property was returned to him. He also asserts that FCI-Fort Worth personnel refused his request to provide verification that, due to the delay in receiving his property, he was not responsible for the untimely filing of his appeal.

The declaration of Paula Macias, a Legal Instruments Examiner at FCI-Fort Worth, provides:

> 11. [The SENTRY computer generated Administrative Remedy Generalized Retrieval, pertaining to Petitioner] indicates that Petitioner filed an administrative appeal of the DHO sanctions he received in incident Report 2533544 with the South Central Regional Office on June 4, 2014. That appeal was rejected on June 5, 2014, because it was untimely. Petitioner was instructed to provide staff verification that he was not responsible for the appeal being late. This document also indicates that Petitioner appealed the rejection of his administrative appeal to the Central Office on July 23, 2014. On August 20, 2014, the Central Office rejected his appeal, concurring with the Regional Office's rationale for rejection. Finally, this document indicates that Petitioner filed a second administrative remedy with the Regional Office on August 1, 2014, appealing the DHO sanctions and requesting a transfer. The administrative remedy was rejected by the Regional Office using four rejection code: FRM, MLT, INF, and INS.

(Resp't's App. 2-3, ECF No. 9.)

Even assuming Petitioner did not receive his copy of the DHO report until the middle of April 2014, he waited until June 4, 2014, to file his appeal, he filed it on the wrong form and at the

5

wrong level in the process, and he fails to allege how his ability to present his administrative appeal was prejudiced as a result of the delay.  Nevertheless, *Wolff* does not prescribe a specific time by which the report must be delivered to a prisoner but merely that an inmate must receive a written statement of the factfinder as to the evidence relied on and the reasons for the disciplinary action taken.  *Zirker v. Roy,* No. 5:09CV21, 2011 WL 2149529, at *3 (E.D. Tex. Apr. 1, 2011), *report and recommendation adopted by* No. 5:09CV21, 2011 WL 2135434 (E.D. Tex. May 31, 2011); *Stine v. Berkebile,* No. 14-CV-01829-RBJ, 2015 WL 1588920, at *6 (D. Colo. April 6, 2015), *aff'd sub nom. Stine v. Oliver,* 616 Fed. Appx. 376 (10th Cir. Oct. 9, 2015).  These dictates were met.

For the reasons discussed, Petitioner's petition for a writ of habeas corpus is DENIED.  Further, for the reasons discussed, a certificate of appealability is DENIED.  The BOP's website reflects that Petitioner is no longer confined at FCI-Fort Worth and is currently confined at FCI-Florence located at 5880 Hwy 67 South, Florence, Colorado 81226.  The clerk of Court is directed to docket and change Petitioner's address accordingly.

SIGNED December 9, 2015.

*[signature: Terry R. Means]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

6